UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEIFEI GU,

               Plaintiff,

-against-

VINCENT JAMES DIDONATO III; UNITED STATES OF AMERICA,

               Defendants.

24-CV-5206 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Feifei Gu, of Brooklyn, New York, filed this *pro se* action asserting claims against Vincent James Didonato III and the United States of America under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The relevant venue provision for claims under the FTCA is found at 28 U.S.C. § 1402(b). Under that provision, such claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Brooklyn, Kings County, New York, where he alleges the acts or omissions giving rise to his claims occurred. Kings County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action.[1]

---

[1] Plaintiff alleges that Defendant Didonato is an Assistant District Attorney who is prosecuting him in the Kings County Criminal Court. The Court offers no opinion whether Plaintiff's assertions could be construed as claims under 42 U.S.C. § 1983 rather than the FTCA, but notes that because the events giving rise to the claims occurred in Brooklyn, New York, venue for any Section 1983 claims would also be appropriate in the Eastern District of New York

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, venue lies in the United States District Court for the Eastern District of New York. *See* §§ 112(c), 1402(b). Accordingly, in the interest of justice, this Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

under 28 U.S.C. § 1391(b)(2).

2