UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

FEIFEI GU,

                        Plaintiff,              **MEMORANDUM & ORDER**
                                                24-cv-5113(EK)(LB)

            -against-

HANG CHEN; CHAT MUI CHAN; UNITED
STATES OF AMERICA; RE/MAX REAL ESTATE
PROFESSIONALS,

                   Defendants.


------------------------------------x
------------------------------------x

FEIFEI GU,

                        Plaintiff,              **MEMORANDUM & ORDER**
                                                24-cv-5179(EK)(LB)

            -against-

ADA VINCENT JAMES DIDONATO, III;
UNITED STATES OF AMERICA,

                   Defendants.

 ------------------------------------x
------------------------------------x


FEIFEI GU,

                        Plaintiff,              **MEMORANDUM & ORDER**
                                                24-cv-4756(EK)(LB)

            -against-

HANG CHEN; EMILY HUI CHEN-LIANG;
SUSANA CHONG CHEN; HUI CHEN;
252685 ST LLC; YU YING WU; THE LLC

```
D/B/A XIAO GUO GROUP INC.;
ATHANASIA DIMAGGIO; CHAT MUI CHAN;
HUGO SALAZAR; RE/MAX REAL ESTATE
PROFESSIONALS; AMY LESSINGER; RE/MAX,
LLC; ERIK CARLSON; RE/MAX HOLDINGS;
VINCENT JAMES DIDONATO, III; ADA JOHN
DOES (1-2); ADA JANE DOE; LAWRENCE
LUSHER; ERIC GONZALEZ; NANCY HOPPACK;
NICOLE CHAVIS; JOSEPH P. ALEXIS;
RICHARD BOYENS; JANET GLEESON; DAVID
KLESTZICK; PATRICIA MCNEILL; FRAN
WEINER; JOSEB GIM; KIN W. NG; LETITIA
JAMES,
```

               Defendants.

------------------------------------x
------------------------------------x

FEIFEI GU,

               Plaintiff,        **MEMORANDUM & ORDER**
                                 24-cv-8444 (EK)(LB)

          -against-

MARK SALEM; JOY F. CAMPANELLI; ROVENA
BEQIRI; JOSEPH CADMAN; WENDY CIDSCO;
JANE DOE OF KINGS COUNTY SUPREME
COURT EX PARTE PART; STATE OF NEW
YORK,

               Defendants.

------------------------------------x

ERIC R. KOMITEE, United States District Judge:

        Plaintiff Feifei Gu has filed a series of actions in federal court arising out of a dispute she had with her landlord.  In the course of that dispute, her landlord accused her of destroying a security camera on its property.  The New

York City Police Department arrested her in January 2024 for the alleged property destruction, and her criminal case remains pending.  Gu has now sued the United States; New York State; New York City; her landlord, its agents, and their supervisors; prosecutors; and state judicial personnel.  She alleges that in the course of her criminal prosecution and a related civil action, defendants violated various of her rights.

The Court consolidates these actions for the purpose of this Order.  The Court also grants Gu's requests to proceed *in forma pauperis*.  For the reasons discussed below, however, Plaintiff's claims are dismissed in their entirety.  In addition, Plaintiff is ordered to show cause why a filing injunction should not issue.

## I.    Background

### A.    Factual Background

The following facts are taken from Plaintiff's four pending federal complaints and the state court documents appended to them.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

### 1.    Gu's January 2024 Arrest

Gu rented an apartment in a Brooklyn building that several of the defendants owned or managed.  *See Gu v. Chen,* No. 24-cv-4756 ("*Chen II*"), Compl. 1-2, ECF No. 1.  She had a

dispute with her landlord regarding heat and hot water in her unit. *See id.* at 10.  This dispute apparently escalated. Agents of Gu's landlord "reported to 911 that Plaintiff . . . destroyed the security camera placed over the door of" her apartment. *Id*.  In January 2024, the New York City Police Department arrested Gu for criminal mischief.  *Id.* at 4; 62. Following her arrest, she was detained for twenty-five hours. *See id.* at 4, 18.

    2.   <u>The Ensuing Prosecution</u>

      The Kings County District Attorney pursued the criminal case, and it remains ongoing as of the date of this Order.  *See People v. Gu*, No. CR-001793-24KN.  Gu contends that state prosecutors relied on fabricated evidence to support the prosecution.  *See Gu v. Salem,* No. 24-cv-8444 ("*Salem*"), Compl. 5-11, ECF No. 1.[1]  She says that the ADAs presented that fabricated evidence in court, *see id.* at 7, though she does not indicate in what context.  She also asserted (in the state court) that the ADAs violated *Brady v. Maryland* by failing to produce the destroyed security camera and "refus[ing] to disclose" certain video footage until December 10, 2024.  *Id.* at

---

    [1] The "prosecutor defendants" are Vincent James Didonato, III; Lawrence Lusher; ADA John Does (1-2); ADA Jane Doe; Eric Gonzalez; Nancy Hoppack; Nicole Chavis; Joseph Alexis; Richard Boyens; Janet Gleeson; David Klestzick; Patricia Mcneill; Fran Weiner; Joseb Gim; and Kin Ng.

9.  The state has responded to Gu's *Brady* allegations, but the court has yet to rule.  *See Salem,* ECF No. 1-2 at 38-39*.*  She also claims that she was denied the right to counsel in state court, though the state docket reflects that she is represented by an attorney.[2]

  3. <u>Gu's Landlord's Civil Action Against Her</u>

  Gu's landlord also sued her civilly in the state Supreme Court.  *See 252685 St. LLC v. Gu*, No. 505280/2024; *Salem* Compl. 3.  The civil complaint alleges that Gu and another tenant made repeated claims that their apartment was pest-ridden and lacked heat and hot water.  *See Salem,* ECF No. 1-2 at 4*.*  However, Gu refused the landlord entry into the apartment to address the alleged defects.  *Id.*  Consequently, the landlord initiated eviction proceedings.  *Id.*  Gu then allegedly began a harassment campaign against the landlord and its agents.  *Id.* at 4-10.  The landlord sought injunctive relief, damages, and fees.  *See* ECF No. 1-2 at 12-21.  The civil action is also ongoing as of the date of this Order.

  Stemming from the civil action, Gu alleges misconduct by New York State, Justice Joy F. Campanelli; her law clerks Rovena Bequiri, Joseph Cadman, and Wendy Cidsco; Jane Doe, a

---

[2] *See* New York State Unified Court System, *eCourts: WebCriminal,* CR-001793-24KN (last visited Feb. 25, 2025).

court clerk; and the landlord's attorney, Mark Salem.  *See Salem*
*Compl.* 21.[3]

**B.   Procedural Background**

Gu filed her first three cases, *Gu v. Chen,* No. 24-cv-
5113 ("*Chen I*"); *Gu v. Didonato,* No. 24-cv-5179 ("*Didonato*");
and *Chen II*, in the Southern District of New York.  That court
transferred the cases to this district in June and July 2024.
*See* ECF No. 5 (on each docket).  In each case, Gu moved to
proceed *in forma pauperis.*  These complaints remain pending, and
are addressed in this Order.

In September 2024, Gu filed an additional case in this
district, *Gu v. Sher*, alleging claims against several of the
same defendants she sued in the three initial cases, but also
against Police Officer Michael Sher, Police Officer Steven
Vitelli, New York State, and New York Governor Kathy Hochul.
*See id.* at *1-2.  Because Plaintiff sought a temporary
restraining order in *Sher*, this Court turned to it first,
denying the TRO application and dismissing the case in its
entirety.  *See* No. 24-cv-6157, 2024 WL 4252034, at *3 (E.D.N.Y.
Sept. 20, 2024).  The *Sher* order declined Gu's requests to stay
her state prosecution and to stay an order in her civil case

---

[3] Justice Campanelli, the law clerks, and Jane Doe, court clerk, are
referred to as the "judicial defendants."

forbidding her from destroying her landlord's property, among
other conditions.  *Id.* at *2-4.

Undeterred by *Sher*'s dismissal, Gu filed an additional
suit in the Northern District of New York, *Gu v. Salem*.  That
case, too, was transferred to this district.  *See* Docket No. 24-
cv-7933.  Gu stipulated to dismiss that action (without
prejudice) in December 2024.  *See* ECF Nos. 12-13.  However, Gu
then filed yet another action in this district in December 2024,
also entitled *Gu v. Salem*.[4]  In *Salem*, Gu paid the Court's filing
fee.

This order addresses Gu's four surviving cases: the
three originally filed in the Southern District, and *Gu v.
Salem*.  Across the four actions, Gu sues an overlapping set of
defendants, including the United States, New York State, New
York City, Attorney General Leticia James, prosecutors, a
justice and judicial clerks, and private individuals and
corporations.[5]

Gu invokes — or the Court construes her complaints to
invoke — the Federal Tort Claims Act ("FTCA"), 28 U.S.C.
§ 1346(b); 42 U.S.C. § 1983; and the Declaratory Judgment Act,

---

[4] When this Order refers to *Salem,* it addresses the action filed in
December 2024.
[5] *See generally Chen I* Compl., ECF No. 1; *Didonato* Compl., ECF No. 1;
*Chen II* Compl., ECF No. 1; *Salem* Compl., ECF No. 1.

28 U.S.C. § 2201(a).  She moves for damages varying from "$1 billion" to "$3000 billion."[6]  She seeks certain declarations that various defendants violated her rights.  *See Salem* Compl. 17, 19-21.

## II.  Legal Standard

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Similarly, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).  An action is frivolous when: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).[7]  Additionally, the Court must dismiss an action if it determines that it lacks subject matter

---

[6] *See Chen I* Compl. 10; *Chen II* Compl. 18, 20-21; *Salem* Compl. 21; *Didonato* Compl. 5.

[7] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

jurisdiction.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). But *pro se* plaintiffs are not exempt from "compliance with relevant rules of procedural and substantive law," including articulating a basis for this court's subject matter jurisdiction and plausibly pleading a claim for relief. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

**III. Discussion**

**A.   Section 1983 Claims**

Gu asserts claims pursuant to 42 U.S.C. § 1983 against the prosecutors, the judicial defendants, the state Attorney General, New York State, New York City, and private individuals and entities.  In several of her cases, Gu expressly invokes Section 1983.[8]  In other instances, the Court construes her complaint to assert a claim pursuant to that statute.  *See, e.g.*, *Didonato* Compl. 2.

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To state a claim under Section 1983, a plaintiff must

---

[8] *See, e.g.*, *Salem* Compl. 17-21; *Chen I* Compl. 7-8; *Chen II* Compl. 16, 19, 22-23.

allege: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

### 1.  Official Capacity Claims Against New York State, Attorney General James, the Prosecutor Defendants, and the Judicial Defendants

Gu sues New York State and state officials without specifying whether she has sued in their official or personal capacities.  The Court construes her claims both ways.

Gu seeks money damages from New York State, Attorney General James, the prosecutor defendants, and the judicial defendants.  To the extent she sues these defendants in their official capacities, her claims are barred by the Eleventh Amendment.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.  New York has not waived its Eleventh

Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Thus, her official capacity claims against the state and state officials are dismissed for lack of subject matter jurisdiction.  *See Long Island Pure Water Ltd. v. Cuomo,* 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019) (quoting *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 64 (1996)).

      2.   Personal Capacity Claims Against the Prosecutor
           <u>Defendants</u>

      Gu fails to state a Section 1983 claim against the prosecutors in their personal capacities.  In *Didonato* and *Chen II*, Gu sues sixteen prosecutors at the Brooklyn District Attorney's Office.  She alleges that ADA Vincent Didonato violated her "Fourth and Fourteenth Amendment rights by initiating and continuing a FAKE CRIMINAL CASE against Plaintiff with false and forged evidence." *Didonato* Compl. 2.  She also alleges that several ADAs — Didonato, Lawrence Lusher, ADA John Does 1-2, and ADA Jane Doe — conspired with her landlord and its agents to violate her Fourth and Fourteenth Amendment rights. *Chen II* Compl. 16.  In addition, Gu alleges that several supervisory officials at the District Attorney's Office violated Section 1983 under a "failure to train, failure to supervise"

theory.  *Id.* at 19.  These supervisors are defendants Eric
Gonzalez, Nancy Hoppock, Nicole Chavis, Joseph Alexis, Richard
Boye, Janet Gleeson, David Klestizick, Patricia McNeill, Fran
Weiner, Joseb Gim, and Kin Ng.

> The doctrine of prosecutorial immunity bars Gu's
personal-capacity claims against these defendants.  "Prosecutors
are absolutely immune from liability in § 1983 lawsuits" brought
based on "prosecutorial actions that are intimately associated
with the judicial phase of the criminal process."  *Van de Kamp
v. Goldstein*, 555 U.S. 335, 341 (2009).  Gu's suit alleges
wrongdoing in the prosecutors' charging and evidentiary
decisions, all of which are expressly protected.  *E.g.*, *Imbler
v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a
prosecution and in presenting the State's case, the prosecutor
is immune from a civil suit for damages under § 1983.").

> Accordingly, each claim against a prosecutor defendant
is dismissed.  *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d
Cir. 2011) (claims against prosecutors "frivolous," given
prosecutorial immunity).

3.   <u>Personal Capacity Claims Against the Judicial Defendants</u>

> To the extent that Gu seeks damages from the judicial
defendants, her claims are barred by judicial immunity.

The doctrine of judicial immunity protects judges from suit for any action taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "Even allegations of bad faith or malice cannot overcome judicial immunity."  *Id.*  Judicial immunity does not apply when a judge takes action outside her judicial capacity, or action that, although judicial in nature, is "taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12.  And "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Plaintiff sues Justice Campanelli for acts "aris[ing] out of, or related to, individual cases" before her; accordingly, she is immune from liability for those acts.  *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

The court clerks benefit from a related, though somewhat less expansive, immunity.  Quasi-judicial immunity extends to personnel who perform functions closely associated with the judicial process, including acts by administrative professionals and law clerks "that implement [a judge's] judicial decisions or that are performed . . . under the supervision of" the judge.  *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir.

2011).  The claims against the law clerks and the Jane Doe clerk are thus barred; they clearly arise out of actions taken that are an integral part of the judicial process.

For these reasons, Gu's claims against the judicial defendants are dismissed.

4.    Personal Capacity Claims Against the New York
      Attorney General

Gu fails to state a claim against Attorney General James in her personal capacity.  In *Gu v. Chen II*, Gu claims that Ms. James is liable under Section 1983 for negligent "fail[ure] to investigate false claims . . . pursuant to the New York False Claims Act" and for failure to supervise the District Attorney.  Compl. 22.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, Plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).  "Government officials may not be held liable for the unconstitutional

15

conduct of their subordinates under a theory of *respondeat*
*superior.*" *Iqbal*, 556 U.S. at 676.  Gu fails to assert any
facts suggesting that Attorney General James was personally
involved in the events underlying her claims.[9]

Additionally, Ms. James's alleged failure to
investigate violations of the New York False Claims Act does not
describe a violation of Section 1983.  The Due Process Clause
does not confer a right to government aid.  *See DeShaney v.*
*Winnebago Soc. Servs.*, 489 U.S. 189, 196 (1989).  And beyond
that clause, Gu cites "no case or statute that would require the
Attorney General of [New York] to intervene in the . . .
proceedings at issue here." *Szymonik v. Connecticut*, 807 F.
App'x 97, 102 (2d Cir. 2020).  Plaintiff's claims against Ms.
James are, therefore, dismissed.

5.    *Monell* Claim Against New York City

In *Chen II*, Gu brings a Section 1983 claim against New
York City pursuant to *Monell v. Department of Social Services of*
*the City of New York*, 436 U.S. 658, 690 (1978).  Gu alleges that
the City is subject to municipal liability under *Monell* for its

---

[9] Gu's claim also fails because she has not established the existence of
a supervisory relationship.  With few exceptions not relevant here, "the
Legislature has delegated the responsibility for prosecuting persons accused
of crime solely to the District Attorney, the public officer entrusted with
the general prosecutorial authority for all crimes occurring in the county
where elected." *Della Pietra v. New York*, 71 N.Y.2d 792, 796-97 (N.Y. 1988).

"custom of failure to discipline ADAs who continue prosecuting fake cases even [when] fully aware of false and forged evidence." *Chen II* Compl. 23.

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011).  A municipality's failure to train its employees is only an official policy when it amounts to "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Id.* at 61.  Beyond her conclusory reference to a "custom," Gu does not allege any facts to this end.  Thus, she fails to state a *Monell* claim.

6.  Claims Against the Private Defendants

Across three of the cases, *Gu v. Chen I*, *Gu v. Chen II*, and *Gu v. Salem*, Gu sues private individuals (and several private companies).  She expressly brings some of these claims under Section 1983, and the Court construes other claims against the private defendants under the same statute.  *See, e.g.,*

17

*Didonato* Compl. 7-8.[10]

Gu sues three groups of private defendants. First, she sues her landlord, 252685 St. LLC, and related individuals and entities. Gu alleges that Hang Chen, her landlord's agent, falsely accused her of destroying a security camera and "violated [her] Fourth and Fourteenth Amendment right[s] . . . " *Chen I* Compl. 1, 7-8. She also alleges a conspiracy to violate her Fourth and Fourteenth Amendment rights between and among prosecutors, her landlord, her landlord's agents (Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, Hui Chen) a member of her landlord's LLC (Qiubo Li), and a repair company and its owner (Yu Ying Wu, "the LLC d/b/a Xiao Guo Group Inc."). *Chen II* Compl. 2, 16.[11]

Second, she sues individuals and companies that purportedly "supervise" her landlords: Chat Mui Chan; Athanasia DiMaggio; Hugo Salazar; Amy Lessinger; Erik Carlson; RE/MAX Real

---

[10] To the extent that the Court could construe these complaints to assert one or more state-law causes of action, we decline to do so for two reasons. First, Gu has not alleged complete diversity of citizenship in any case. Second, this Order dismisses all federal claims, and the Court declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

[11] The Court observes the overlap between some facts alleged in these cases and in *Gu v. Sher*. *See* No. 24-CV-6157, 2024 WL 4252034 (E.D.N.Y. Sept. 20, 2024). But certain facts that are arguably "essential" to these actions were not present in *Sher*. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463-64 (2d Cir. 1996). Therefore, the Court considers Plaintiff's allegations on the merits, rather than as precluded by *res judicata*.

Estate Professionals; RE/MAX, LLC; and RE/MAX Holdings.  *Id.* at 20-21.  She does not describe the nature of any such supervisory relationship.  Still, invoking the language of Section 1983 liability, she claims that the supervisory real estate defendants are liable for violating her rights under a "failure to supervise and train" theory.  *Id.; see also Chen I* Compl. 8 (alleging that Chan and the RE/MAX Real Estate Professionals "authorized" Chen's actions).[12]

Third, Gu sues Mark Salem, her landlord's attorney in the civil action, alleging that he conspired with the judicial defendants to violate her First and Fourteenth Amendment rights. *Salem* Compl. 20-21.

Gu's claims against these individuals and entities fail because Section 1983 only applies to state actors.  *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996).  The Constitution does not regulate the conduct of private parties.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).  Indeed, "private conduct, no matter how discriminatory or wrongful," is generally beyond the reach of Section 1983.  *American*

---

[12] Under New York common law, there is a cause of action for negligent hiring, training, or supervision. *See, e.g., Crandall v. Equinox Holdings, Inc.,* 231 A.D.3d 472, 472 (N.Y. App. Div. 1st Dep't 2024).  However, as articulated above, the Court declines supplemental jurisdiction over state law claims.

*Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50
(1999).  Rather, "state action may be found [for private actors]
if, though only if, there is such a close nexus between the
State and the challenged action that seemingly private behavior
may be fairly treated as that of the State itself."  *Brentwood
Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S.
288, 295 (2001).

A Section 1983 *conspiracy* claim requires articulating
a connection between private actors and the state.  "To state a
claim against a private entity on a Section 1983 conspiracy
theory, the complaint must allege facts demonstrating that the
private entity acted in concert with the state actor to commit
an unconstitutional act."  *Spear v. West Hartford*, 954 F.2d 63,
68 (2d Cir. 1992).  "A merely conclusory allegation that a
private entity acted in concert with a state actor does not
suffice to state a § 1983 claim against a private entity."
*Ciambriello*, 292 F.3d at 324.

Gu alleges no facts from which we might plausibly
infer that any of the private defendants are state actors or
conspired with them.[13]  Additionally, no facts are alleged that

_____

[13] In *Chen I* and *Chen II*, even if Gu had stated a Section 1983 claim
against Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, Qiubo Li, Hui
Chen, Yu Ying Wu, and the LLC d/b/a Xiao Guo Group, her Section 1983 claim

would plausibly demonstrate a conspiracy between any private defendant and the state.  Therefore, each of Gu's claims against the private defendants is dismissed.

## B.    Claims Against the United States

In *Chen I* and *Didonato*, Gu sues the United States under the FTCA.  *Chen I* Compl. 1, 9; *Didonato* Compl. 1, 4.  She alleges that the Federal Bureau of Investigation failed to investigate and "intervene" in "the crimes committed by Defendant Hang Chen," her landlord's agent.  *Chen I* Compl. 9. She also alleges that she complained to the FBI about ADA Didonato's actions in her criminal case, yet the Bureau failed to act.  *See Didonato* Compl. 4.

Gu's FTCA claims cannot proceed because they are barred by sovereign immunity.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  Absent a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over claims against the United States or its agencies.  *See id*.  It is Plaintiff's burden to demonstrate that sovereign immunity has been waived.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

---

against the supervisory real estate professionals and companies would still fail.  *Respondeat superior* does not apply to 1983 actions; there can be no liability absent a showing of personal involvement in rights deprivation. *See Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir. 1973).

Gu has not carried that burden.  In the FTCA, Congress waived the United States' sovereign immunity from suits "resulting from the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1); *see Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (explaining narrow scope of FTCA's sovereign immunity waiver).  However, as noted above, the Due Process Clause does not confer a right to government aid.  *See DeShaney,* 489 U.S. at 196.  More broadly, "courts within the Second Circuit have determined that there is . . . no constitutional right to an investigation by government officials."  *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (citing cases).

The FTCA also contains a jurisdictional presentment requirement "permit[ting] an action under the statute to be filed in federal court only after the agency denies a tort claim or denial is presumed from the passage of six months from presentment without a final agency disposition."  *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021).  In both *Chen I* and *Didonato*, Gu pleads that she submitted online tips to the FBI on June 30, 2024, and mailed Standard Form 95 to the FBI on July 2, 2024.  *See Chen I* Compl. 2; *Didonato* Compl. 7.  Form 95

can present a claim to an agency if it is sufficiently detailed. *Collins,* F.3d at 111.  However, Gu initiated both suits on July 2, 2024; she did not wait six months before suing or allege that she received denials from the FBI.  *See generally Chen I* Compl.; *Didonato* Compl.

Thus, the Court lacks jurisdiction over Gu's FTCA claims.

**C.   Requests for Reconsideration**

1.   <u>Criminal Prosecution in "Bad Faith"</u>

In *Gu v. Sher*, I determined that *Younger v. Harris* required this Court to abstain from reaching Gu's request to stay her criminal prosecution.  *See* 2024 WL 4252034, at *3; *Younger v. Harris,* 401 U.S. 37 (1971).  In *Gu v. Salem*, her most recently filed case, Plaintiff continues to challenge that determination.  She alleges that New York is prosecuting her "with bad faith."  Compl. 5-11.  Given the amount of words she devotes to this assertion, the Court construes the new complaint as a motion for reconsideration of its prior Order.

Reconsideration is denied.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Gu has not met this standard.

  2. <u>Justice Campanelli's Order</u>

   In *Gu v. Salem*, Plaintiff asks this Court to declare Justice Joy F. Campanelli's May 10, 2024 order in her civil case "void and unenforceable."  Compl. 21.  The order enjoins her from destroying her landlord's property and publicly posting any remarks or reviews about the plaintiffs, RE/MAX, or the plaintiffs' attorneys, among other conditions.  ECF No. 1-2 at 24.

   In *Gu v. Sher,* this Court concluded that *Younger* abstention barred Gu's request for a stay of this same injunction.  *See* 2024 WL 4252034, at *4.  The Court thus construes this claim, too, as a motion for reconsideration.  That motion is denied.  Gu has not articulated any facts or law that would alter the Court's prior decision.[14]

**D.  Requests for Declaratory Relief**

   Lastly, Gu seeks a "judgment . . . declaring that" certain defendants violated her rights.  *Salem* Compl. 21.  The Court construes these claims pursuant to 28 U.S.C. § 2201(a).

---

[14] In *Gu v. Sher,* plaintiff moved under a First Amendment theory.  *Gu*, 2024 WL 4252034, at *4.  Here, she seeks a declaration pursuant to the First and Fourteenth Amendments.  *See Salem* Compl. 16, 19-21.  Gu's addition of the Fourteenth Amendment does not change the analysis.

First, she seeks a declaratory judgment "against defendant the State of NY" that the judicial defendants violated her First and Fourteenth Amendment rights. *Salem* Compl. 19.  Among other allegations, Gu contends that she was denied due process in her civil case against her landlord because Justice Campanelli "was never present in Court" during hearings and that she and her clerks communicated *ex parte* with Mr. Salem.  *Id.* at 15-16.

District courts have discretion to determine whether and when to entertain declaratory judgment actions.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).  The Second Circuit identified six factors relevant to this determination in *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023).[15]  Those factors counsel against the exercise of such discretion.

The second factor is particularly implicated.  It asks "whether such a judgment would finalize the controversy and offer relief from uncertainty."  *Admiral Ins. Co.*, 57 F.4th at

---

[15] The six factors are: "(1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to *res judicata*; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction."  *Admiral Ins. Co.*, 57 F.4th at 99–100.

100.   But the declaratory judgment Gu seeks would do no such
thing — it speaks to past conduct.  Asking "the Court only to
recognize a past wrong . . . in the context of declaratory
relief, does not in itself 'amount to that real and immediate
threat of injury necessary to make out a case or controversy.'"
*Morales v. City of New York*, 59 F. Supp. 3d 573, 581 (S.D.N.Y.
2014) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103
(1983)).  Based on this and other factors, the Court declines to
entertain Gu's declaratory judgment request.[16]

Second, Gu seeks a declaration that the judicial
defendants conspired with Mr. Salem in violation of her First
and Fourteenth Amendment Rights.  *Salem* Compl. 20-21.  For the
same reasons, the Court declines to entertain this request as
well.

Third, she seeks a declaration that "Jane Doe of . . .
Kings County Supreme Court conspired with Kings County Supreme
Court [Justice] Larry Martin" to issue "fake orders" denying her
request to proceed as a "Poor Person" in state court.  *Id.* at
17, 21.  Jane Doe allegedly told Gu that a "Poor Person
application" she submitted to initiate a lawsuit against a Kings

---

[16] Several of the declaratory judgments that Gu seeks are also barred by
the Eleventh Amendment, which prohibits "federal courts from issuing
retrospective declaratory relief against state officials for past violations
of federal law."  *Szymonik*, 807 F. App'x at 101.

County Housing Court Judge was denied when Justice Martin had, in fact, signed it. *Id.* at 17; ECF No. 1-2 at 78-80.  Once again, for the reasons articulated above, the Court declines to enter this declaratory judgment.

## IV.  Filing Injunction: Notice

Given Plaintiff's serial filings on the same issue, the Court is considering a filing injunction against her.  "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir. 1996).  Courts evaluate the following factors when imposing filing injunctions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013).

In its Order dismissing *Gu v. Sher*, the Court warned Plaintiff that future frivolous filing may result in the imposition of a filing injunction.  *See Gu v. Sher,* No. 24-cv-6157, 2024 WL 4252034, at *5 (E.D.N.Y. Sept. 20, 2024).

Apparently undeterred by that warning, Gu filed two more cases related to the January 2024 arrest: *Gu v. Salem* (24-cv-7933), and *Gu v. Salem* (24-cv-8444).  This Court has now addressed five suits on the same topic — a poor use of judicial resources.  In addition to the many related to her arrest, Gu has previously filed frivolous cases in this Court.[17]  She cannot have a good faith basis to believe she will prevail; the Court has dismissed her prior actions.  Other sanctions may be inadequate.

The Court is thus contemplating a filing injunction that would prevent Plaintiff from:

> (1) bringing any future proceedings in the Eastern District of New York without the Court's prior permission and (2) filing any papers in connection with any other case pending in the Eastern District of New York, unless prior to any such submission: (a) Plaintiff files a one-page written application to the Court for permission to file papers in that case; (b) in that application, she explains why she should be permitted to file such papers; (c) the Court grants her application in a written order; and (d) she submits a copy of the Court's order with the papers she has been allowed to file, unless such papers are in response to those submitted by her adversary.

*See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

---

[17] *See, e.g., Gu v. Zeng*, No. 23-cv-4168, 2023 WL 4138519 (E.D.N.Y. June 22, 2023) (consolidating two cases, denying TRO application in each case, and dismissing Plaintiff's claims for lack of subject matter jurisdiction), *appeal dismissed sub nom. Gu v. Jimenez*, No. 23-1038, 2023 WL 9231563 (2d Cir. Nov. 22, 2023), *cert. denied,* 144 S. Ct. 1396 (2024).

Before the Court imposes a filing injunction, a litigant must be provided notice and an opportunity to be heard. *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir. 1998).  **Gu is therefore directed to show cause why the filing injunction should not issue, on or before March 17, 2025.**

### V.    Conclusion

Plaintiff's claims against the United States, New York, and official capacity claims against the prosecutors, judicial defendants, and Attorney General James are dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).  All other claims are dismissed with prejudice for failure to state a claim, as frivolous, and because Plaintiff has already made multiple attempts to plead claims related to these facts.  *See* 28 U.S.C. § 1915(e)(2)(B); *Owens v. Shields*, 34 Fed. App'x 33, 35 (2d Cir. 2002) (concluding that plaintiff's history of frivolous filings merited dismissal without leave to amend).

The Clerk of Court is respectfully directed to enter judgment dismissing all four cases, mail a copy of this Memorandum and Order to the Plaintiff, and note the mailing on the relevant dockets.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is

therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


        SO ORDERED


                           /s/
                           ERIC R. KOMITEE
                           United States District Judge


Dated:     February 27, 2025
           Brooklyn, New York